UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDUARDO GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:06-CV-249 PS |
| ) | (arising from No. 2:04-CR-1 PS) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On May 12, 2005, Eduardo Garcia pled guilty to a drug conspiracy without the benefit of a plea agreement. Garcia was arrested while transporting approximately 10 kilograms of cocaine and he later admitted to being involved in a conspiracy to distribute a total of approximately 23 kilograms of cocaine. Three other substantive counts were dismissed voluntarily by the government. As the Presentence Investigation Report reflected, the United States Sentencing Guideline range for this offense was 63 to 78 months. This range was determined based on a total offense level of 25 and a criminal history category of II. Garcia was sentenced on July 20, 2005 to a term of imprisonment of 63 months – the bottom of the range. Garcia never filed a direct appeal.

In the present motion filed pursuant to pursuant to 28 U.S.C. § 2255, Garcia seeks to have his sentence vacated for two reasons. First, he contends that by being sentenced after *United States v. Booker*, 543 U.S. 220 (2005), he received a higher sentence than he would have had the United States Sentencing Guidelines been mandatory at the time of his sentencing. Second, he argues that his counsel's failure to raise this objection rendered counsel's assistance ineffective. Both of these contentions plainly lack merit, and this motion is dismissed.

**DISCUSSION**

A motion under § 2255 allows a federal prisoner to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . ., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Garcia petitions for habeas relief, arguing that *Booker* impermissibly allowed this Court to impose greater punishment than the Guideline maximum. (Mot. at 5.) He states that the lack of a mandatory sentencing scheme prevented him from receiving notice of the penalty to which he could be subjected. (*Id*.) According to Garcia, "when [the Sentencing Guidelines] are applied properly, without enhancements that raise the base offense level Guideline penalty, the maximum penalty to which Movant could be subjected for his offense was that of 27 months." (*Id*.) Garcia further claims that his sentencing was "an ex post facto application of a statutory sentencing scheme not in effect" at the time of his offense. (*Id*.) He also claims that his attorney's failure to object to his sentence constituted ineffective assistance of counsel.

**A. Constitutional Challenge to Petitioner's Sentence**

To obtain relief under 28 U.S.C. § 2255, a petitioner must show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995) (citation omitted). Even assuming a petitioner can make such a showing, the Court cannot

reach the merits of his claim if the claim is one that should have been raised in a direct appeal. *Scott v. United States*, 997 F.2d 340, 341-42 (7th Cir. 1993) (alleged misapplication of Sentencing Guidelines was not reviewable on section 2255 motion, because it did not result in a jurisdictional or constitutional error or in a complete miscarriage of justice); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted) (habeas petition "is 'neither a recapitulation of nor a substitute for a direct appeal'").  The failure to raise a constitutional challenge at trial or on direct appeal generally bars a defendant from raising such issues in a federal habeas proceeding absent a showing of cause for procedural default and actual prejudice from the alleged errors.  *United States v. Frady*, 456 U.S. 152, 167-68 (1982).  The failure of a petitioner to establish either cause or prejudice requires dismissal of his habeas petition. *Buelow v. Dickey*, 847 F.2d 420, 425 (7th Cir. 1988), *cert denied*, 489 U.S. 1032 (1989).

      Petitioner's first ground for relief, his challenge to the constitutionality of his sentence, is procedurally barred.  Petitioner waived the ability to challenge the application of the Sentencing Guidelines by failing to file a direct appeal.[1]  Petitioner failed to show cause for this default, and he cannot show any prejudice.  The only basis Petitioner offers for relief is that *Booker* is unconstitutional insofar as it allows for the imposition of non-guideline sentences.  While *Booker*

---

[1] Petitioner was not prejudiced by failure to file a direct appeal for the additional reason that such an appeal would have been frivolous given that Garcia waived any objection to the presentence report.  A clear expression of assent to the PSR waives any objection to it.  *See United States v. Scanga*, 225 F.3d 780, 783 (7th Cir. 2000); *United States v. Redding*, 104 F.3d 96, 99 (7th Cir. 1996).  Garcia's counsel, Adam Tavitas, advised the U.S. Probation Officer in writing that there were no objections to the presentence report.  At sentencing, Garcia affirmed that he reviewed the presentence report and the addendum thereto with counsel.  Defense counsel then reconfirmed that there was no dispute about the offense level and criminal history in the PSR.  Counsel then asked the Court to sentence Garcia to the minimum under the sentencing guidelines, 63 months.  The record thus reflects that petitioner waived the ability to challenge his sentence through a direct appeal.

does render the Sentencing Guidelines advisory, 543 U.S. at 245-46, there is no legal support for Petitioner's assertion that a non-guidelines sentence is somehow unconstitutional.  Rather, the Seventh Circuit has explicitly rejected *ex post facto* claims based on *Booker*'s remedial holding. *United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005).

Perhaps more to the point, Petitioner's sentence was no greater as a result of *Booker*, because he *was sentenced within the Guidelines range*.  Petitioner's assertion that proper application of the Guidelines would have resulted in a maximum penalty of 27 months is simply false.  This assertion rests on the premise that the Guideline range should have been calculated "without enhancements that raise the base offense level Guideline penalty." (Mot. at 5.)  But both before and after *Booker*, courts calculating a Guidelines range have been required to take into account both the total offense level and the offender's criminal history category.  *See* U.S.S.G. § 1B1.1 (Nov. 2005) (providing explicit instructions for determining the applicable sentencing range, including factoring in of base offense level, specific offense characteristics, and defendant's criminal history category).  Based on the quantity of cocaine he distributed, Garcia's base offense level was 31.  The offense level was then *reduced*, not enhanced, by six levels to reflect his minor participation in the commission of the offense, and his acceptance of responsibility.  Two prior criminal convictions put Garcia in a criminal history category of II.  An offense level of 25 and a criminal history category of II put the Guideline range at 63-78 months.  Petitioner was then sentenced at the Guideline minimum.  Petitioner's assertion that the maximum sentence was 27 months is utterly without merit.

**B. Ineffective Assistance of Counsel.**

Garcia also claims that he received ineffective assistance of counsel by virtue of his attorney's failure to object to his sentence on the grounds discussed above. He claims that, "[h]ad the objection been made and the court correctly decided the issue, [he] would not have received a sentence of imprisonment. Rather, he would have been found guilty of the offense charged against him and immediately deported to Mexico." (Mot. at 5.)

In *Massaro v. United States*, 538 U.S. 500, 509 (2003), the Supreme Court held that the failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255. Therefore, the Court analyzes this claim on its merits. In order to succeed on a claim of ineffective assistance of trial counsel at the sentencing hearing, Garcia must demonstrate that his attorney performed in a deficient manner during the hearing, *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and then prove "'that but for his counsel's unprofessional error, there is a reasonable probability that the results [of his sentencing hearing] would have been different.'" *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005) (quoting *Berkey v. United States,* 318 F.3d 768, 774 (7th Cir. 2003)).

Garcia has not met the initial prong of the ineffective-assistance test, having failed to demonstrate that his attorney performed in a deficient manner. Garcia alleges that counsel should have objected to his sentence, but as discussed above, that objection lacked merit. Therefore, it plainly appears from the motion that Garcia is not entitled to relief.

5

## CONCLUSION

For the foregoing reasons, Garcia's § 2255 motion is summarily **DENIED** and **DISMISSED** with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The clerk shall enter final judgment accordingly and notify Petitioner.

**SO ORDERED**.

ENTERED: March 20, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
